THE CHARTWELL LAW OFFICES, LLP
75 Main Street, Ste 201
Millburn, NJ 07401
(201) 420-1771
**William H. Grae, Esq. (WG059311994)**
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KARLA LICONA-PINEDA, <br><br>         Plaintiff, <br><br> vs. <br><br> VOLODIMIR I. SELIVANOV, WORLD CLASS TRANSPORTATION LLC, RESELING RESOLUTIONS INS., JOHN DOES #1-10, fictitious names, and XYZ CORPS #1-10, fictitious entities, <br><br>         Defendants | Case No.: <br><br> **NOTICE OF REMOVAL AND LOCAL RULE 11.2 CERTIFICATION** |

TO:

CHIEF JUDGE AND JUDGES OF
THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

ON NOTICE TO:
Edgar Navarrete, Esq.
ALONSO & NAVARRETE, L.L.C.
6121 Kennedy Boulevard
North Bergen, NJ 07047
P: (201) 295-9977

Clerk, Superior Court of New Jersey
Law Division- Hudson County
583 Newark Avenue
Jersey City, NJ 07306

PLEASE TAKE NOTICE:

DEFENDANTS VOLODIMIR I. SELIVANOV, ("Selivanov"), and WORLD CLASS TRANSPORT, LLC, i/s/h/a/ "WORLD CLASS TRANSPORTATION, LLC" ("World Class"), (collectively, "Defendants"), by and through William H. Grae of the The Chartwell Law Offices,

their attorneys of record herein, pursuant to section 1332, 1441 and 1446 of Title 28 of the United States Code, ("U.S.C."), hereby remove the above-captioned action from the New Jersey Superior Court Law Division, County of Hudson, where it is pending under Docket No. HUD-L-3545-17, to the United States District Court for the District of New Jersey.  In support thereof, defendants show as follows:

1. The undersigned is an attorney admitted to practice before the Courts of the State of New Jersey and this honorable court, who is a member of The Chartwell Law Offices, LLP, attorneys for Defendants in this action.

NATURE OF ACTION AND PERTINENT PROCEDURAL HISTORY

2. The instant action arises out of motor-vehicle accident that allegedly occurred on September 15, 2016, when a tractor trailer being operated by Selivanov in the course of his work for defendant World Class came into contact with an automobile being operated by plaintiff Karla Licona-Pineda ("plaintiff" or "Licona-Pineda") on a public roadway in Englewood, NJ.  Plaintiff seeks recovery of damages for personal injuries she claims to have sustained in the subject accident.

3. Upon information and belief, plaintiff commenced the instant action in Superior Court of New Jersey Law Division, County of Hudson, by filing a Complaint on or about August 25, 2017, a true copy of which is annexed hereto as Exhibit "A".  In her Complaint, plaintiff also asserted claims against "RESELING RESOLUTIONS INS." ("Reseling") based on her claim that Reseling breached an obligation owed to her under an insurance policy it had issued that afforded her Personal Injury Protection benefits.  In particular, plaintiff claims that Reseling wrongfully refused to pay medical and hospital bills she incurred, entitling her to a

declaration and order compelling Reseling to "pay all outstanding medical bills and any future bills that might be incurred." *See* Exhibit "A" at Third Count, *passim.*

4. Defendants joined issue by service of a Answer to the Complaint on January 2, 2018, a true copy of which is annexed hereto as Exhibit "B".

5. Along with the aforesaid Answer, defendants also served a Request for Statement of Damages pursuant to N.J. Court Rule 4:5-2. *See* Exhibit "A" at p. 10. On January 16, 2018, the undersigned counsel received a written response from plaintiff's counsel, a true copy of which is annexed hereto as Exhibit "C", that formally demanded damages in the amount of $500,000 per each count of the Complaint.

## THE PARTIES

6. In her Complaint, plaintiff alleges that she is a domiciliary of the State of New Jersey residing at 19 Hancock Dr., West Milford, New Jersey, in the County of Bergen. *See* Exhibit "A" at p. 1.

7. Selivanov is a natural person who is a natural person and domiciliary of the State of Oregon residing at 946 S.W. 17th Way, Troutdale, OR 97060.

8. World Class is business corporation organized and existing pursuant to the law of the State of Oregon with its principal place of business located at 946 S.W. 17th Way, Troutdale, OR 07060, that is authorized to transact business as an interstate common carrier pursuant to docket and authority issued by the United States Department of Transportation.

9. Upon information and belief, one or more officers of the Englewood Police Department responded to the scene of the incident described in the Complaint and undertook investigations, resulting in preparation of a New Jersey Police Crash Investigation Report, ("the Report"), a true copy of which is annexed hereto as Exhibit "D" redacted to maintain the

confidentiality and privacy of personal information pertaining to the accident participants that was recorded.  Among other information, the Report reflects that plaintiff presented proof that she was covered under an auto liability policy issued by the carrier assigned New Jersey Insurance Carrier Code 073.  It is a matter of public record that the carrier assigned this code is Integon National Insurance Company.

10.	Subsequent to the date of the alleged crash, a written demand was tendered to Wilshire Insurance Company, the liability carrier for defendants herein, on behalf of Integon National Insurance Company, that demanded reimbursement of personal injury protection benefits it had paid on behalf of plaintiff in the total amount of $14,118.59.  Annexed hereto as Exhibit "E" is a true copy of the aforesaid demand dated July 24, 2017.

11.	For the Court's reference, annexed hereto as Exhibit "F" is a true copy of the list of insurance companies authorized to transact business in the State of New Jersey obtained from the Internet website maintained by the New Jersey  Motor Vehicle Commission at:

http://www.state.nj.us/mvc/pdf/Vehicles/insurance_codes.doc

12.	In addition to confirming that the insurance code recorded in the Report corresponds to Integon National Insurance Company, the aforesaid list confirms the absence of any carrier authorized to transact business in the State of New Jersey named "Reseling Resolutions."  In Internet search undertaken by the undersigned similarly failed to find any records or reference to such an entity.

13.	Although the instant action was formally commenced by plaintiff on or about August 25, 2017, the docket maintained by the New Jersey Superior Court does not reflect that service has been effectuated on co-defendant "Reseling Resolutions Ins.", and there has not been any appearance in this action on behalf of the aforesaid entity.

BASIS FOR REMOVAL

14. Plaintiff resides and is a domiciliary of the State of New Jersey. By contrast, defendants Selivanov and World Class reside in and are domiciliaries of the State of Oregon.

15. Prior to receipt of plaintiff's response to defendant's Request for Statement of Damages, defendants lacked any means for ascertaining with any measure of certainty the amount in controversy herein. Defendants expressly reserve their right to contest all issues of damages and liability in this matter. However, plaintiff's response to defendants' Request for Statement of Damages that was received on January 16, 2018, demonstrates as a matter of law that the amount in controversy in this action exceeds the minimum jurisdictional threshold of $75,000. *E.g.*, *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347 (1977); *Entrekin v. Fischer Scientific, Inc.*, 146 F.Supp.2d 594, 596 (D.N.J. 2001) (Cooper, D.C.J.) (30-day period to seek removal was not triggered because settlement discussions did not satisfy the writing requirement of § 1446(b), and original pleadings lacked specific allegation that damages exceeded the minimum federal jurisdictional amount). *See also Buchanan v. Lott*, 255 F. Supp. 2d 326 (D.N.J. 2003) (remanding action due to defendant's failure to satisfy amount in controversy threshold under preponderance of evidence test given the absence of a written demand for damages).

16. Thus, complete diversity of citizenship exists as between plaintiff and defendants.

17. As for Reseling, plaintiff's filings with the Superior Court fail to disclose an address for this entity, and notwithstanding the allegations in the body of the Complaint, the Case Information Sheet plaintiff submitted to the Superior Court <u>denied</u> the existence of any on-going relationship between plaintiff and any of the defendants. *See* Exhibit "A". Records available via the NJ Business Gateway, NJ Motor Vehicle Commission, NJ Superior Court

Dockets, and/or Lexis Nexis (nationwide) confirms the existence of a business entity with the word "Reseling" in its name, let alone a company named "Reseling Resolutions". In any event, insofar as more than 120 days have passed since the instant action was commenced in the Superior Court, and plaintiff has failed to date to provide proof of service and/or move for default against Reseling, plaintiff's claims against this entity are presumptively subject to dismissal for lack of prosecution.

18. Moreover, abundant proof exists that plaintiff was covered by an insurance policy issued by Integon rather than the entity identified in the caption. Insofar as Integon thereafter asserted subrogation claims against defendant's own liability carrier, it also appears clear beyond any legitimate question that plaintiff's PIP claims were not denied, notwithstanding the conclusory assertion set forth in the Complaint.

19. Either way, it is respectfully submitted that there is no question that "Reseling" potential citizenship cannot and does not eliminate the complete diversity of citizenship that exists between the adverse parties in this action.

20. Thus, in the final analysis, the complete diversity of citizenship as between plaintiff and each non-fictitious defendant, together with the above proof that the amount in controversy in this action exceeds $75,000, vests this Court with subject-matter jurisdiction to adjudicate this action pursuant to 28 U.S.C. § 1441.

21. Pursuant to 28 U.S.C. § 1446(b), a "notice of removal in a civl action . . . [must] be filed within thirty (30) days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." However:

> If the case stated by the initial pleading is not removal, a notice of removal may be filed within 30 days after receipt by the defendant, through service or

>otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is removable.

28 U.S.C. § 1446(b)(3).

22.　As noted above, the thirty (30) day period in this matter did not start to run until plaintiff's response to defendant's Request for Statement of Damages was received on January 16, 2018.  *See Entrekin*, *supra*; *see also In re Willis*, 228 F.3d 896, 897 (8th Cir. 2000) ("We find the thirty-day time limit of section 1446(b) begins running upon receipt of the initial complaint only when the complaint explicitly discloses the plaintiff is seeking damages in excess of the federal jurisdictional amount.")

23.　Fundamental fairness and the policy underlying Congress' phrasing of the statute compel tolling the statutory period until after defendant has received a writing that clarifies that plaintiff's claims exceed the minimum threshold.  Prior to service by plaintiff of her correspondence that formally demanded $500,000, defendants were left to speculate as to plaintiff's perspective regarding the value of what appear to be soft-tissue neck and back injuries sustained in a low-impact motor-vehicle accident.  Service of this additional paper, however, both established the removability of this action and obligated defendants to seek removal within thirty (30) days.

24.　Consequently, this Notice of Removal is being filed with the within Court in a timely fashion.

WHEREFORE, defendants respectfully requests that the above-captioned action, presently assigned New Jersey Superior Court Law Division Docket Number HUD-L-3545-17, be removed from the New Jersey Superior Court; that the Clerk of said Court be directed to transfer and furnish the complete paper and electronic file maintained by said State Court to the

within Court; and that the within Court grant such other, further and different relief as the Court deems just and proper.

Dated: New York, NY
       February 14, 2018

THE CHARTWELL LAW OFFICES, LLP
By: _____
    William H. Grae, Esq.
Attorneys for Defendants
VOLODIMIR I. SELIVANOV and WORLD CLASS TRANSPORT, LLC i/s/h/a "WORLD CLASS TRANSPORTATION, LLC"
One Battery Park Plaza, 35th Floor
New York, NY 10004
(212) 968-2300
(212) 968-2400 (Facsimile)
WGrae@chartwelllaw.com

## LOCAL RULE 11.2 CERTIFICATION

I, William H. Grae, being an attorney admitted to practice before the Courts of the State of New Jersey and this Honorable Court, certify pursuant to 28 U.S.C. § 1746 and under penalty of perjury that the claims and matters set forth herein are not, upon information and belief and duly diligent inquiry and research, that the matter in controversy herein is NOT the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding, other than the State Court action which is being removed to the within Court pursuant to the instant Notice.

Dated: New York, NY
       February 14, 2018

THE CHARTWELL LAW OFFICES, LLP
By: _____
    William H. Grae, Esq.